■ EXCHANGE INSURANCE COMPANY, Appellant, v ROBERT M. POND et al., Respondents.—Casey, J. P. Appeal from an order of the Supreme Court (Dier, J.), entered January 28, 1991 in Warren County, which denied plaintiff's motion for summary judgment.

Plaintiff seeks a declaratory judgment on the issue of defendant Robert M. Pond's permission to use a truck owned by plaintiff's insured which was involved in a collision with a bicycle being ridden by an infant, defendant Scott M. Genier. At the time of the accident, the truck was being used for the purposes of the insured's trash-hauling business. According to the examinations before trial of Pond and the insured, Pond was employed by the insured as a helper whose job was to assist in loading trash onto the vehicle. Further, Pond did not have permission to drive any of the insured's vehicles, including the one involved in the collision with the bicycle. Defendants contend that this undisputed evidence is sufficient to rebut the presumption of permission contained in Vehicle and Traffic Law § 388 (1), but we agree with plaintiff that because the facts are exclusively within the knowledge of plaintiff's

---

insured and the insured's employee, plaintiff's version of the relevant events should be subjected to cross-examination at trial *(see, Chang v Fernandez,* 170 AD2d 936).

Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with one bill of costs to respondents filing briefs.